# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

NOBLE ANNIE L. LITTLE EL-BEY and )
NOBLE FREDDIE L. FULLER ALI,    )
                                )
            Plaintiffs,         )
                                )
     v.                         )       1:10CV290
                                )
STATE OF NORTH CAROLINA, COUNTY OF )
GUILFORD/HIGH POINT, MICHELLE   )
FLETCHER, JOE DAVIS, LEAH HOWELL, )
J.A. KUCHLER, and JOHN DOE (5), )
                                )
            Defendants.         )

## MEMORANDUM OPINION, ORDER AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiffs' Application(s) for Leave to Proceed In Forma Pauperis (Docket Entries 1, 2), filed in conjunction with Plaintiffs' pro se Complaint (Docket Entry 3). The Court will grant Plaintiffs' requests to proceed as paupers for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2), as frivolous, for failing to state a claim, and due to the immunity of Defendants.

### LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (quoting Adkins v. E.I. DuPont de Nemours & Co.,

335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2)(b)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint). Accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 129 S. Ct. at 1950, respectively)), cert. denied, 130 S. Ct. 2064 (2010).

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages.  See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity).  Cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy").

## DISCUSSION

Plaintiffs' Complaint alleges that Defendants violated various purported treaties, constitutional provisions, and other legal proscriptions in connection with Plaintiff Little El-Bey's apparent citation for contempt and Plaintiff Fuller Ali's conviction for disorderly conduct in a North Carolina state court.  (Docket Entry 3 at 2-8 and Ex. A.)  These claims suffer from defects so severe and so numerous as to make extended discussion impractical and unnecessary.  In sum, Plaintiffs' claims clearly warrant dismissal

on grounds of frivolity, failure to state a claim, and Defendants' immunity.[2]

**IT IS THEREFORE ORDERED** that Plaintiffs' requests to proceed as paupers (Docket Entries 1, 2) are **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be **DISMISSED** under 28 U.S.C. § 1915(e)(2), as frivolous, for failing to state a claim, and due to the immunity of Defendants.

                                     /s/ L. Patrick Auld
                                      **L. Patrick Auld**
                              **United States Magistrate Judge**

November 3, 2010

---

[2] All of Plaintiff's claims revolve around their utterly baseless reliance on the fraudulent notion that they have special status in the United States stemming from their association with a "Moorish Nation" (in their particular parlance, the "Washitaw de Dugdahmoundyah Muur's Indigenous People"). This Court, per United States District Judge Thomas D. Schroeder, has aptly characterized adherents to such views as "scofflaws and ne'er-do-wells who attempt to benefit from the protections of federal and state law while simultaneously proclaiming their independence from and total lack of responsibility under those same laws." United States v. $7,000.00 in U.S. Currency, 583 F. Supp. 2d 725, 732 (M.D.N.C. 2008). Moreover, the Court consistently has denied plaintiffs permission to proceed as paupers in suits predicated on such principles. See, e.g., Hampton v. City of Durham, No. 1:10CV706, 2010 WL 3785538, at *2-3 (M.D.N.C. Sept. 22, 2010) (Dixon, M.J.) (unpublished); El-Bey v. North Carolina Dep't of Health and Human Servs., No. 1:09CV693, 2010 WL 520877, at *2-3 (M.D.N.C. Feb. 9, 2010) (Sharp, M.J.) (unpublished).

5